**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **AVA MARIE YOUNG** | **CASE NO. 6:24-CV-01606** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMMISSIONER OF SOCIAL SECURITY** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING AND ORDER

Before the court is the UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUST ACT filed by appellant Ava Marie Young. [Docs. 14, 15]. The motion was noticed for briefing and is unopposed. [Doc. 16].

Young filed an application for disability benefits on January 4, 2021. [Doc. 6-1 at pp. 74-78]. After the application was denied initially, she exhausted her administrative remedies and subsequently filed an appeal in the Western District of Louisiana. [Doc. 1]. On March 25, 2026, the undersigned issued a Report and Recommendation recommending that the Commissioner's decision in this case be reversed and remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). [Doc. 12]. The district judge subsequently entered judgment adopting the recommendation. [Doc. 13]. The instant motion followed. [Docs. 14, 15].

Young seeks an award of $5,190.00 in attorney and paralegal fees, as well as $405.00 in filing fee costs. In support of this request, Young's counsel, Edward Wicklund, submitted schedules describing the services performed on Young's behalf and the time billed in connection with each task in minimal increments of .10 hours. [Docs. 15-1, 15-2, 15-3].

### *Applicable Standards*

The Equal Access to Justice Act ("EAJA" or "Act") provides that a court "shall award to a prevailing party… fees and other expenses… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir. 1985). A party who wins a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S. Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Breaux v. United States Dep't of Health & Human Servs.*, 20 F.3d 1324 (5th Cir. 1994). Since Young is a prevailing party and the Commissioner does not oppose an award of fees, an award of fees is appropriate.

### *Reasonable Hourly Rate*

The hourly rate at which an attorney fee award under the EAJA is calculated is determined "according to prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). Where the prevailing market rate exceeds the $125.00 statutory cap, the court must examine whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate." 28 U.S.C. § 2412(d)(2)(A)(ii).

Young seeks attorney fees at the rate of $200 per hour. [Docs. 15, 16]. Considering counsel's time and expertise, as well as relevant Consumer Price Index information for the years 2025 and 2026, this Court finds the requested hourly attorney fee to be reasonable. https://www.bls.gov/news.release/cpi.t01.htm. Additionally, this Court notes that the Western District of Louisiana has previously approved an hourly rate of $200 in EAJA fee

award rulings. *Wright v. Commissioner of Soc. Sec. Admin.*, 2025 WL 3164482 at * 1 (W.D. La. Nov. 12, 2025) (citing *Carr v. Kajikazi*, 2023 WL 3168676 at * 3 (W.D. La. Apr., 13, 2023), *adopted by*, 2023 WL 3168343 (W.D. La. Apr. 28, 2023)); *Bertrand v. Commissioner of Soc. Sec. Admin.*, 2025 WL 2723443 at *2 (W.D. La. Sept. 24, 2025).

This Court further finds that Young's request for paralegal fees at the rate of $125 per hour exceeds the prevailing rate for paralegal time in the Western District of Louisiana of $100 per hour. *Reed v. Commissioner of Social Security*, 2024 WL 4898085 (W.D. La. Nov. 26, 2025); *Harrington v. Commissioner of Social Security*, 2025 WL 43582 (W.D. La. Jan. 7, 2025). Young provides no argument or evidence to support an upward departure from these recent EAJA paralegal fee awards. Accordingly, this Court will apply the $100 hourly rate to paralegal time in this matter.

***Reasonable Hours Expended***

The Commissioner does not oppose the claimed number of hours. Furthermore, the undersigned concludes that 27.9 hours is a reasonable number of hours to expend in this case given the facts, procedural history and issues presented.

***Johnson Analysis***

Having determined the lodestar by establishing the prevailing market rate and hours reasonably expended, the next step requires the Court to analyze the twelve factors set forth in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)). In this case, the lodestar is $200.00 x 24, or $4,800.00.

Under *Johnson*, courts should consider the impact of the following factors on the lodestar:

(1) the time and labor required,

(2) the novelty and difficulty of the question,

(3) the skill required of the attorney,

(4) the preclusion of other work,

(5) the customary fee,

(6) whether the fee is fixed or contingent,

(7) time limitations imposed,

(8) the amount involved and result obtained,

(9) the experience, reputation, and ability of the attorney,

(10) the "undesirability" of the case,

(11) the nature and length of the professional relationship with the client, and

(12) awards in similar cases.

*Johnson*, *supra*, at 718–19.

Factors 1, 3, 8, 9, and 12 are reflected in the lodestar. *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761 (5th Cir. 1996) (cautioning against double-counting *Johnson* factors already represented by the lodestar). No evidence before this Court indicates that an adjustment of the lodestar under factors 2, 4, 5, 6, 7, 10, or 11 is warranted in this case.

For the foregoing reasons, it is hereby

**ORDERED** that the UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUST ACT filed by appellant Ava Marie Young [Docs. 15] is GRANTED in

part, such that the sum of $5,465.00, representing attorney fees calculated at the rate of $200.00 per hour for 22.7 hours, paralegal fees calculated at the rate of $100 per hour for 5.2 hours, and costs in the amount of $405.00 shall be awarded to Young.

Considering the waiver of direct payment executed by the appellant and offered in the record at Doc. 15-5, it is further

**ORDERED** that the Commissioner of the Social Security Administration shall forward a check in the amount of $5,465.00 payable directly to the Olinsky Law Group for any amount which is not subject to offset allowed under the Department of the Treasury's Offset Program.

**SO ORDERED** this 14th day of October, 2026, at Lafayette, Louisiana.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**